JANET L. CHUBB
State Bar No. 176
LOUIS M. BUBALA III
State Bar No. 8974
JONES VARGAS
100 West Liberty Street, 12th Floor
PO Box 281
Reno, Nevada 89504-0281
Telephone: (775) 786-5000
Fax: (775) 786-1177
Email:  jlc@jonesvargas.com
  and   tbw@jonesvargas.com
  and   lbubala@jonesvargas.com

Attorneys for Marianne Eardley, Chapter 7 Trustee

*Electronically Filed on:*
*November 28, 2005*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re:

DONALD CARSON,

   Debtor.

CASE NO.  BK-N-05-51930-GWZ
Chapter 7

**REPLY TO DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO PROPERTY CLAIMED AS EXEMPT**

Hearing Date:   December 7, 2005
Hearing Time:   10:30 a.m.

Marianne Eardley, Chapter 7 Trustee (the "Trustee"), by and through her counsel, Janet L. Chubb, Esq. , and Louis M. Bubala III, Esq., of Jones Vargas, file this Reply to Debtor's Response to Trustee's Objection to Property Claimed as Exempt (Court Docket #17).[1]  This reply is made pursuant to 11 U.S.C. 522(b)(2) and Fed. R. Bankr. P. 4003(b), and is based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any other material this Court may wish to consider.

///

///

///

---

[1] Trustee cites to documents numbers from the court's docket.  When appropriate, Trustee also attaches previously filed documents as exhibits to this reply.

1

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Reply Re Exemptions.doc

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Debtor Donald Carson (the "Debtor") and Trustee dispute certain exemptions. Debtor seeks to exempt two vehicles by asserting his nonfiling wife's exemption, and to exempt an annuity created in his wife's name nine days before Debtor filed his petition. Trustee objects to the exemptions.

## Factual Background

On March 5, 2003, Debtor was named as a defendant in a tort action alleging claims of sexual assault and/or acts of lewdness to a minor (Attached Ex. 1, complaint originally filed as #24, Ex. A, *Rosequist v. Carson*, No. CV-0303031, White Pine County, Nev.). The tort action was pending as of October 10, 2005. *Id.* On June 13, 2005, Debtor and his wife, Irene Carson, paid $12,000 to purchase an annuity from ING (Attached Ex. 2, originally filed as #13, Ex. A, annuity statement; Attached Ex. 3, originally filed as #1, petition Sch. B, listing ING annuity).

On June 22, 2005, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code (Attached Ex. 3, petition). Debtor's wife is not a joint debtor and has not filed her own individual petition. *Id.* Debtor's Schedule B declares that the community property includes a 1994 Cadillac valued at $7,000; a 2001 GMC Sierra valued at $15,000; and an annuity (in his wife's name) valued at $12,000. *Id.* Debtor claims exemptions for the vehicles on Schedule C pursuant to 11 U.S.C. § 522(b)(2) and NRS 21.090(1)(f), and the annuity pursuant to 11 U.S.C. § 522(b)(2) and NRS 687B.290. *Id*

On August 19, 2005, Trustee objected to the exemptions (Attached Ex. 2). Trustee contends Debtor can exempt only one vehicle pursuant to NRS 21.090(1)(f). *Id.* Trustee also argues that the annuity was improperly created by an insider transfer nine days before Debtor's petition. *Id.* On September 6, 2005, Debtor responded that he can assert and stack[2] his nonfiling wife's exemption in a second vehicle (Attached Ex. 4, originally filed as #17). Debtor also asserts that annuities are exempt from bankruptcy, and that his wife's annuity was purchased with exempt Social Security funds. *Id.*

## II.  ARGUMENT

---

[2] The legality of stacking (joint debtors' ability to assert both of their individual exemptions in a single asset) is not at issue in this litigation, since debtor seeks to assert his exemption in one vehicle and his nondebtor wife's exemption in a different vehicle. *See In re Longmore*, 273 B.R. 633 (Bankr. D. Nev. 2001) (discussing stacking).

2

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Reply Re Exemptions.doc

**A. Standard to Claim and Object to Exemptions**

A debtor shall list the property claimed as exempt under 11 U.S.C. § 522 on the schedule of assets filed with his petition. Fed. R. Bankr. P. 4003(a). "[A]n *individual debtor* may exempt" property from the estate pursuant the exemptions provided by the Bankruptcy Code, or the exemptions provided by local, state, and other federal law. 11 U.S.C. § 522(b) (emphasis added). Nevada opted out of the Bankruptcy Code exemptions. NRS 21.090(3). Therefore, a Nevada debtor may only exempt property under local, state and federal laws other than 11 U.S.C. § 522(d). 11 U.S.C. § 522(b)(2)(A). The validity of Nevada's exemptions is controlled by Nevada state law. *In re Bower*, 234 B.R. 109, 111 (Bankr. D. Nev. 1999) (citation omitted).

A party in interest may file an objection to the list of property claimed as exempt within thirty days of the Section 341 meeting. Fed. R. Bankr. P. 4003(b). The objecting party has the burden of proof that the exemptions are not properly claimed. Fed. R. Bankr. P. 4003(c).

**B. Vehicle Exemptions**

Debtor and Trustee disagree whether Debtor is limited to his own vehicle exemption since his wife has not filed for bankruptcy, or he also can assert her exemption for a second vehicle in their community property.

**1. Exemptions Under the Bankruptcy Code**

There is no statutory authority in the Bankruptcy Code for a debtor to assert his nonfiling spouse's exemptions. The Code only authorizes "an individual debtor" to exempt property from the estate. 11 U.S.C. § 522(b) (also authorizing exemptions in joint cases filed by husband and wife). In another case involving a debtor's attempt to assert his nonfiling spouse's exemption, the U.S. Bankruptcy Court for the District of Idaho held that nothing in the Bankruptcy Code "allows the debtor to assert an exemption belonging not to him but, instead, to his non-debtor dependents." *In re DeHaan*, 275 B.R. 375, 381 (2002); *see also* 4 Collier Bankr. Practice Guide ¶ 74.03[4] (Alan N. Resnick & Henry J. Sommer, eds., 2005) ("If married, the debtor still may only claim the exemptions to which the debtor is entitled."). The Trustee urges the court to deny Debtor's second vehicle exemption based on his nonfiling wife's exemption.

**2. Exemptions Under Nevada State Law**

3

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Reply Re Exemptions.doc

Even if the Bankruptcy Code is nondispositive, Debtor cannot exempt a second vehicle since Nevada state law does not authorize him to assert his nonfiling spouse's exemption. Debtor seeks to exempt two vehicles pursuant to NRS 21.090(1)(f), which provides an exemption for "one vehicle if the judgment debtor's equity does not exceed $15,000 or the creditor is paid an amount equal to any excess above that equity." There is no relevant case law interpreting the statute.[3]

A plain reading of the statute prevents Debtor from asserting an exemption in a second vehicle on his wife's behalf. Debtor's bankruptcy petition is premised on his alleged liability in two claims in a tort action, *Rosequist* (Attached Ex. 2, Sch. F, Debtor's only claims arise from *Rosequist*; Attached Ex. 1, *Rosequist* complaint). The statute allows Debtor to exempt for one vehicle for himself as a potential judgment debtor. NRS 21.090(1)(f). Debtor's wife, who has not filed for bankruptcy protection, is not a defendant in the tort action (Attached Ex. 1, *Rosequist* complaint). Debtor's wife will not be a judgment debtor even if her husband is found liable in the tort action. *Williams v. Bernardelli* (*In re Bernardelli*), 12 B.R. 123, 123 (Bankr. D. Nev. 1981), *citing Jewett v. Patt*, 95 Nev. 246, 591 P.2d 1151 (1979) (holding that a tort claim against a husband does not create a claim or debt against the wife). Since Debtor's wife will not be a judgment debtor even if Debtor is liable in *Rosequist*, there is no basis for Debtor to exempt a second vehicle on her behalf under NRS 21.090(1)(f).

Trustee also contends Debtor may not assert a second vehicle exemption on his wife's behalf based on the statutory language and similar cases in other courts. Since the Nevada Supreme Court has not decided whether a judgment debtor may assert a second exemption on behalf of a nondebtor spouse, the court must use its best judgment to ascertain how the state court would decide the issue. *In re Bower*, 234 B.R. at 111 (citation omitted). *See also* Nev. R. App. P. 5 (allowing federal courts to certify questions of state law to Nevada Supreme Court). The court may be aided by looking at decisions from other jurisdictions. *In re Bower*, 234 B.R. at 111 (citation omitted).

Two bankruptcy courts have interpreted similar state exemptions and reached different conclusions. In Idaho, the court refused to let a debtor assert his nonfiling spouse's exemption. *In re DeHaan*, 275 B.R. 375 (Bankr. D. Idaho 2002). The Idaho statute reads in relevant part, "An individual

---

[3] Debtor cites *In re Longmore* (Attached Ex. 4), which concerns husband and wife joint debtors, and does not address whether a debtor may assert his nonfiling spouse's exemptions. 273 B.R. 633, 634-35 (Bankr. D. Nev. 2001).

4

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Reply Re Exemptions.doc

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

is entitled . . . to an exemption of one (1) motor vehicle." *Id.* at 378, *quoting* I.C. 11-605(3). The court interpreted the statute and held: "The plain language speaks to the right of the 'individual' debtor to claim exemptions within the relevant monetary limits. It does not purport to authorize such a debtor to claim a second set of like exemptions for another individual (*i.e.*, his spouse)." *Id.* at 382. *See also* Henry J. Sommer & Margaret Dee McGarity, Collier Family Law & the Bankruptcy Code ¶ 1.05[2] & n.10a (Alan J. Resnick & Henry J. Sommer, eds., 2005) (citing *DeHaan* as partial basis for proposition that debtor cannot assert nondebtor spouse's exemptions). *Cf. England v. McFall* (*In re McFall*), 112 B.R. 336, 338 (B.A.P. 9th Cir. 1990) (refusing trustee request to apportion homestead exemption between debtor and nondebtor spouse since only debtor is entitled to claim exemption).

The U.S. Bankruptcy Court for the District of Arizona disagreed with *DeHaan* and allowed a debtor to assert his nonfiling spouse's exemptions. *In re Perez*, 302 B.R. 661 (2003). The court initially cited the Arizona exemption statute: "In the case of married persons, each spouse is entitled to the exemptions provided in this article, which may be combined with the other spouse's exemption in the same property or taken in different exempt property." *Id.* at 662 & n.3, *quoting* A.R.S. 33-1121.01. The statute does not distinguish between a married couple as joint debtors or as a debtor and nonfiling spouse, but the court allowed a debtor to assert the nonfiling spouse's exemptions since either spouse may "act for the benefit of the community" under Arizona law *Id.* at 662-63, *quoting* A.R.S. 25-215(D); *see also* Collier Family Law & the Bankruptcy Code ¶ 1.05[2] n.10a (recognizing *Perez*).

In the instant case, Nevada's exemption follows Idaho's statute more closely than Arizona's statute. The Nevada statute allows only the individual debtor's exemption, just as the Idaho statute allows one individual to claim only one exemption. NRS 21.090(1)(f) ("one vehicle if the judgment debtor's equity does not exceed $15,000"); I.C. 11-605(3) ("An individual is entitled . . . to an exemption of one (1) motor vehicle"). Arizona's exemption statute is much broader and specifically provides that "each spouse is entitled to the exemptions." A.R.S. 33-1121.01. *But cf. In re Longmore*, 273 B.R. at 634-45 (recognizing that husband and wife joint debtors can both take individual exemptions in bankruptcy under Nevada law). Arizona's statute regarding spousal rights also is more specific that Nevada's statute. *Compare* A.R.S. 25-215(D) ("Either spouse may contract debts and otherwise act for the benefit of the

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Reply Re Exemptions.doc

community.") *with* NRS 123.070 ("Either husband or wife may enter into any contract, engagement or transaction.").

Given the similarities between Idaho and Nevada's statutes, as well as the differences between Arizona and Nevada's statutes, the court is urged to adopt *DeHaan*'s reasoning that a debtor may not assert the nonfiling spouse's exemptions. As *DeHaan* concluded, "choices almost always have consequences and … there indeed are consequences when only one spouse files bankruptcy." 275 B.R. at 382. *Cf*. Collier Family Law & the Bankruptcy Code ¶ 4.08 (when spouse chooses not to file joint debtor petition, nondebtor spouse's separate property still subject to creditor claims outside of bankruptcy). In this case, the consequences is that Debtor cannot exert his nonfiling wife's exemptions since she is not a judgment debtor, and he is limited to his exemption of one vehicle under Nevada law.

### C. Annuity Exemption

Debtor contends that an annuity bought for his nondebtor wife is exempt under Nevada law, and exempt as paid for with Social Security proceeds. Trustee replies that debtor cannot assert his nonfiling spouse's exemption in the annuity, that the annuity's fraudulent creation destroys the exemption, that the annuity was not paid for with Social Security proceeds, and that previously received Social Security funds are not exempt.

#### 1. Debtor Cannot Assert His Nonfiling Spouse's Exemption

Debtor again seeks to assert his nonfiling wife's exemption, this time to exempt an annuity created in her name only (Attached Ex. 2, annuity statement). Trustee contends that Debtor may not assert his nonfiling spouse's exemptions under Nevada law, based on the legal analysis above.

#### 2. Debtor Bought the Annuity With Intent to Defraud Creditors

Even if Debtor can assert his nonfiling wife's exemption, Debtor is not entitled to exempt her annuity. Nevada's general exemption for annuities does not apply when the premium is paid "with intent to defraud creditors." NRS 687B.290(1)(a). Since Nevada state law governs the exemption, the "intent to defraud" element is properly construed under the Uniform Fraudulent Transfers Act codified in Chapter 112 of the Nevada Revised Statutes. *See In re Bower*, 234 B.R. 109, 111 (Bankr. D. Nev. 1999) (citation omitted) (state law controls validity of state exemptions).

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

Nevada law holds that a transfer is fraudulent if made with "actual intent to hinder, delay, or defraud any creditor." NRS 112.180(1)(a). In determining "actual intent," the court may consider whether:

> (a) The transfer or obligation was to an insider;
> (b) The debtor retained possession or control of the property transferred after the transfer;
> (c) The transfer or obligation was disclosed or concealed;
> (d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
> (e) The transfer was of substantially all the debtor's assets;
> (f) The debtor absconded;
> (g) The debtor removed or concealed assets;
> (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
> (i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
> (j) The transfer occurred shortly before or shortly after a substantial debt was incurred; and
> (k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

NRS 112.180(2). *See also Sportsco Enters. v. Morris*, 112 Nev. 625, 632, 917 P.2d 934, 938 (1996) (citation omitted) (stating substantially similar "generally recognized indicia of fraud").

Several factors support a finding that Debtor had "actual intent to hinder, delay, or defraud" his creditors. The following facts are disclosed in Debtor's schedules and statements submitted to this court. The transfer benefited an insider, his wife (Attached Ex. 2, annuity statement for Debtor's wife, Irene Carson). NRS 112.180(2)(a); *accord Kirkland v. Risso*, 98 Cal. App.3d 971, 978, 159 Cal. Rptr. 798 (1979) (holding transactions between close relatives "to a fuller and stricter proof of the consideration and the fairness of the transaction"). Debtor retains some control over the annuity, since Debtor was married when he filed for bankruptcy (Attached Ex. 3, Sch. B, listing annuity as community property, and Sch. I, identifying Debtor as married). NRS 112.180(2)(b). Debtor purchased the annuity during the pendency of tort claims against him (Attached Ex. 1, Debtor named defendant in *Rosequist* on March 5, 2003, and case still pending October 10, 2005; Attached Ex. 2, annuity purchased June 13, 2005). NRS 112.180(2)(d). Debtor received no consideration for the annuity, since he surrendered $12,000 in exchange for his wife's annuity, an asset exempt from creditor claims (Attached Ex. 2, annuity cost $12,000). NRS 112.180(2)(h). Debtor was insolvent when he purchased the annuity or became insolvent because of the transfer, since he petitioned for bankruptcy just nine days after the $12,000

7

purchase (Attached Ex. 2, annuity purchased June 13, 2005; Attached Ex. 3, Debtor filed petition on June 22, 2005). NRS 112.180(2)(i).

The facts as a whole support a finding that debtor paid the annuity premium with "actual intent" to defraud his creditors. NRS 112.180(1)(a). *Accord Sanwa Bank Cal. v. Chang*, 87 Cal. App.4th 1314, 1316-17 & n.1, 105 Cal. Rptr.2d 330 (2001) (noting undisputed trial finding that debtor husband fraudulently conveyed community property to nondebtor wife without consideration immediately before he incurred debt prior to his bankruptcy petition). Therefore, the annuity is not exempt, and it is subject to creditor claims.[4] NRS 687B.290(1)(a).

### 3. Debtor Did Not Purchase Annuity with Social Security Funds

Debtor provides no factual basis to support his claim that the annuity is exempt from creditor claims since it was purchased with Social Security funds (Attached Ex. 4, Debtor response). Debtor's credit union records reveal that Social Security payments were directly deposited into a money market account, but the annuity was purchased from a regular shares account (Attached Ex. 4, Social Security deposited in money market; Attached Ex. 2, annuity paid for with $12,000 from credit union regular shares account). The Trustee requests the court deny the exemption since Debtor did not buy the annuity with Social Security funds.

### 4. Debtor's Already Received Social Security Funds Are Not Exempt

Even if debtor can prove he bought the annuity with Social Security funds, Social Security funds are not exempt from creditor claims if the funds are received before creditors assert their claims. The federal Social Security Act protects the future receipt of Social Security funds, stating in relevant part:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

---

[4] Trustee provided the insurer's home office with written notice as to amounts paid for or as premium on any such annuity with intent to defraud creditors, pursuant to NRS 687B.290(1)(a) (Attached Ex. 5, copy of Trustee letter).

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Reply Re Exemptions.doc

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

42 U.S.C. § 407(a). However, "[t]he provisions of section 407 apply to the assignment of future receipts, not to received benefits." *Boulter v. Boulter*, 113 Nev. 74, 78 930 P.2d 112, 114 (1997), *quoting Ponath v. Hedrick*, 22 Wis.2d 382, 126 N.W.2d 28, 31 (1964). "[O]nce social security benefits 'are paid over to the recipient, . . . he can use them to satisfy his preexisting obligations.'" *Id.*, *quoting United States v. Eggen*, 984 F.2d 848, 850 (7th Cir. 1993).

In the present matter, Debtor seeks to exempt an annuity created with Social Security funds[5] received prior to the bankruptcy petition. The Social Security exemption only protects the future receipt of Social Security funds and does not apply in Debtor's attempt to exempt previously received funds. *Id.* Therefore, Debtor is not entitled to an exemption even if he can prove he bought the annuity with Social Security funds.

///
///
///

### III. CONCLUSION

Debtor is limited under Nevada law to one vehicle exemption since he petitioned for bankruptcy without his wife. Debtor also is precluded from asserting his nondebtor wife's exemption in an annuity. Even if Debtor can assert his wife's exemption in the annuity, Debtor destroyed the exemption by fraudulently purchasing the annuity while he was a defendant in a tort action and just nine days before he petitioned for bankruptcy. Finally, there is no factual or legal basis to find that the annuity is exempt since

---

[5] Trustee again contests the factual basis that Debtor created the annuity with Social Security funds. *Supra.*

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Reply Re Exemptions.doc

1 it was purchased with funds received from Social Security.

2     DATED this 28 day of November, 2005.

3                               JONES VARGAS

By:    //s// Janet L. Chubb
      JANET L. CHUBB
      LOUIS M. BUBALA III

Attorneys for Marianne Eardley,
Chapter 7 Trustee

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

10

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Reply Re Exemptions.doc

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Jones Vargas, over the age of 18, and not a party to the foregoing action; and, a true and correct copy of **REPLY TO DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO PROPERTY CLAIMED AS EXEMPT** will be served on the following by ECF Summary Email:

- **BRUCE THOMAS BEESLEY**   btb@beesleyandpeck.com, rhm@beesleyandpeck.com
- **MARIANNE EARDLEY**   meardley@frontiernet.net, nv18@ecfcbis.com
- **TERESA B MCKEE**   brp@beesleyandpeck.com, aha@beesleyandpeck.com
- **ROBERT M. SALYER**   r.salyer@wilsonandbarrows.com, s.wilson@wilsonandbarrows.com
- **CARYN S. TIJSSELING**   cst@beesleyandpeck.com, aha@beesleyandpeck.com
- **U.S. TRUSTEE - RN - 7**   USTPRegion17.RE.ECF@usdoj.gov

DATED this 28th day of November, 2005.

                                                                //s// T. Waldo
                                                                An Employee of Jones Vargas

11

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Reply Re Exemptions.doc