JANET L. CHUBB
State Bar No. 176
LOUIS M. BUBALA III
State Bar No. 8974
JONES VARGAS
100 West Liberty Street, 12th Floor
PO Box 281
Reno, Nevada 89504-0281
Telephone: (775) 786-5000
Fax: (775) 786-1177
Email: jlc@jonesvargas.com
 and    tbw@jonesvargas.com
 and    lbubala@jonesvargas.com

Attorneys for Marianne Eardley, Chapter 7 Trustee

*Electronically Filed on January 23, 2006*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re:

DONALD CARSON,

        Debtor.

CASE NO. BK-N-05-51930-GWZ
Chapter 7

**TRUSTEE'S SUPPLEMENTAL REPLY TO DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO PROPERTY CLAIMED AS EXEMPT**

Hearing Date:    February 2, 2006
Hearing Time:    10:00 a.m.

Marianne Eardley, Chapter 7 Trustee (the "Trustee"), by and through her counsel, Janet L. Chubb, Esq. , and Louis M. Bubala III, Esq., of Jones Vargas, file this Supplemental Reply to Debtor's Response to Trustee's Objection to Property Claimed as Exempt (Ct. Dkt. #17). The supplement is made pursuant to the Court's oral order during its hearing on December 7, 2005, and is based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any other material this Court may wish to consider.

///

///

///

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Procedural History

This matter arises out of the Trustee's objection to Debtor Don Carson's exemption in his wife's annuity (#13). Debtor filed a response (#17), and Trustee replied (#32). Specifically, the parties dispute whether Debtor can assert an exemption in his wife's annuity; whether the annuity was created with the intent to defraud creditors; whether the annuity was purchased with Social Security funds; and whether the underlying Social Security funds are exempt.

The Court held a hearing on December 7, 2005, and ordered Debtor to file an affidavit concerning the source of the funds used to purchase his wife's annuity before December 31, 2005 (#34). Debtor has done so (#33). The Court also authorized Trustee to file supplemental points and authorities by January 23, 2006 (#34).

## II. Argument

### A. Debtor's Post-Petition Conduct Further Supports Holding that Debtor Bought Annuity with Intent to Defraud Creditors

Trustee contends that Debtor created the annuity in an attempt to defraud his creditors (#32, Trustee's Reply at 6-8). Trustee's argument is premised, in part, on the fact that Debtor created the annuity just nine days before filing for bankruptcy. *Id.* Trustee has since learned that the annuity was cancelled just two weeks after Trustee filed her objection to Debtor's exemption in the annuity (#13, Objection filed Aug. 19, 2005; Attached Ex. 1, Annuity cancelled Sept. 6, 2005).[1] Debtor's conduct further supports Trustee's belief the annuity's creation had nothing to due with estate planning but was simply an attempt to defraud his creditors. Debtor did not have a legitimate purpose in creating the annuity, and the exemption in it should be disallowed due to Debtor's intent to defraud creditors.

---

[1] As Trustee explained in her Reply, Trustee provided the annuity company with notice of Trustee's claim that the annuity was created with intent to defraud creditors pursuant to NRS 687B.290(1)(a) (#32 at 8 n.4 & Ex. 5). The annuity company wrote in response that the annuity was cancelled on September 6, 2005 (Ex. 1).

2

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

**B.     Debtor's Tax Returns Do Not Support His Affidavit Concerning His Income**

Debtor and his wife state in their affidavits that their only sources of income are his Social Security and disability payments, her Social Security payments, and his pension (#33). Their sworn statements are contradicted by their tax returns, which were provided to Trustee by Debtor (Attached Ex. 2, Letter from Debtor's counsel to Gary Fairman, plaintiffs' counsel in related adversary proceeding, *Rosequist v. Carson*, Case No. 05-5098-GWZ, and carbon copied to Trustee's counsel). Contrary to Debtor's affidavit, he and his wife did not report any Social Security income on his tax returns for 2003 and 2004. *Id.* at Line 14a.

Their tax returns also disclose two income sources that Debtor did not disclose in the statement and schedules filed with his first amended petition (#16). The tax returns include more than $7,000 in income distributions from Individual Retirement Account(s) during 2003 and 2004. Ex. 2 at Line 11b. The Individual Retirement Account(s) was neither disclosed in Debtor's personal property (#16, Sch. B), nor were any distributions included in his include (#16, Sch. I). Debtor's tax returns also reveal that they receive annual interest income (*id.* at Line 8a), but it is not included in his petition (#16, Sch. I).

Debtor contends that his wife's annuity was purchased with Social Security funds that are themselves exempt (#17). Yet a tracing based on the limited bank records disclosed by Debtor does not provide any evidence that Debtor used Social Security funds to buy the annuity (#32, Trustee's reply at 8). As a result, Debtor and his wife submitted affidavits stating that Social Security, disability payments, and pensions were their only sources of income (#34). However, their sworn statements are contradicted by their tax returns, which did not include any income from Social Security and revealed other assets and income sources not previously disclosed in Debtor's petition (Ex. 2). Given the discrepancies between Debtor's statements and the evidence, Trustee submits that the court should find that there is no basis that Debtor bought the annuity with Social Security funds.

**III.  Conclusion**

Debtor is not entitled to an exemption in his wife's annuity. Trustee's argument that Debtor created the exemption is an attempt to defraud creditors is further supported by the

3

evidence that Debtor cancelled the annuity two weeks after the Trustee objected to the annuity exemption. Furthermore, there is no reliable evidence that Debtor used Social Security funds to purchase the annuity. Debtor's bank records to not support his assertion, and his sworn affidavits are contradicted by his tax returns. Trustee requests that the Court find that Debtor's annuity is not exempt from creditor claims.

DATED this 23rd day of January, 2006.

JONES VARGAS

By:   //s// Janet L. Chubb
      JANET L. CHUBB
      LOUIS M. BUBALA III

Attorneys for Marianne Eardley,
Chapter 7 Trustee

4

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Supplement Re Exemptions 1.23.06.doc

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Jones Vargas, over the age of 18, and not a party to the foregoing action; and, a true and correct copy of **TRUSTEE'S SUPPLEMENTAL REPLY TO DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO PROPERTY CLAIMED AS EXEMPT** will be served on the following by ECF Summary Email:

- **BRUCE THOMAS BEESLEY**    btb@beesleyandpeck.com, rhm@beesleyandpeck.com
- **MARIANNE EARDLEY**    meardley@frontiernet.net, nv18@ecfcbis.com
- **TERESA B MCKEE**    brp@beesleyandpeck.com, aha@beesleyandpeck.com
- **ROBERT M. SALYER**    r.salyer@wilsonandbarrows.com, s.wilson@wilsonandbarrows.com
- **CARYN S. TIJSSELING**    cst@beesleyandpeck.com, aha@beesleyandpeck.com
- **U.S. TRUSTEE - RN - 7**    USTPRegion17.RE.ECF@usdoj.gov

DATED this 23rd day of January, 2006.

//s// T. Waldo
An Employee of Jones Vargas

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177