JANET L. CHUBB
State Bar No. 176
LOUIS M. BUBALA III
State Bar No. 8974
JONES VARGAS
100 West Liberty Street, 12th Floor
PO Box 281
Reno, Nevada 89504-0281
Telephone: (775) 786-5000
Fax: (775) 786-1177
Email: jlc@jonesvargas.com
 and    tbw@jonesvargas.com
 and    lbubala@jonesvargas.com

Attorneys for Marianne Eardley, Chapter 7 Trustee

*Electronically Filed on July 30, 2006*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re:

DONALD CARSON,

        Debtor.

CASE NO. BK-N-05-51930-GWZ
Chapter 7

**TRUSTEE'S MOTION TO COMPEL DEBTOR TO SURRENDER PROPERTY OF THE ESTATE**

Hearing Date:    OST Pending
Hearing Time:    OST Pending

Marianne Eardley, Chapter 7 Trustee (the "Trustee"), by and through her counsel, Janet L. Chubb, Esq. , and Louis M. Bubala III, Esq., of Jones Vargas, file this Motion to Compel Debtor to Surrender Property of the Estate. This motion is made pursuant to 11 U.S.C. § 521 and Fed. R. Bankr. P. 9014, and is based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any other material this Court may wish to consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On February 13, 2006, the Court granted the Trustee's objections to Debtor's exemptions and held that the estate included one of Debtor's two vehicles as well as an annuity. To date, more than four months later, Debtor has refused to surrender these assets. Therefore, Trustee moves to show cause and for an order compelling Debtor to surrender the assets to the Trustee.

1

## II. HISTORY

### A. Procedural History

On June 22, 2005, Debtor filed a voluntary Chapter 7 petition and claimed as exempt two vehicles[1] and an annuity. Ex. 1, Sch. C, originally filed as part of Ct. Dkt. #1. The Trustee objected to Debtor's exemptions for one vehicle and the annuity. Ex. 2, originally filed as Ct. Dkt. #13. Debtor responded, and the Trustee replied. Exs. 3-4, originally filed as Ct. Dkt. #s 17, 32. The Court held a hearing on December 7, 2005 (Ct. Dkt. #34), authorizing the Debtor to file supplemental affidavits and the Trustee to file a supplemental response. Exs. 5-6, originally filed as Ct. Dkt. #s 33, 36. The Court orally granted Trustee's objections on February 2, 2006, and entered a written order on February 13, 2006. Ex. 7, originally filed as Ct. Dkt. #38. The Trustee filed and served notice of the order the next day. Ex. 8, originally filed as Ct. Dkt. #39.

### B. Factual History

On February 14, 2006, Trustee's counsel emailed Debtor's counsel, requested that Debtor immediately surrender the $12,000 value of the annuity,[2] and surrender one of the vehicles when Debtor returned from vacation in Florida. Ex. 9, Chubb email to Beesley. On March 8, Trustee's faxed a copy of the email to Debtor's counsel as a reminder to surrender the annuity value and a vehicle. Ex. 10, Chubb fax to Beesley. On April 25, 2006, Trustee's counsel called Debtor's counsel and requested a vehicle be surrendered. Chubb Decl. (filed concurrently with this motion). On April 28, 2006, Debtor's counsel told Trustee's counsel that he would direct Debtor to provide a vehicle to the Trustee. Chubb Decl. On May 9, 2006, Debtor's counsel asked Trustee's counsel that Trustee not repossess a vehicle yet. Chubb Decl.

On May 11, 2006, Trustee's counsel wrote Debtor's counsel, noting that Debtor had returned from Florida and needed to immediately surrender a vehicle. Ex. 11, Chubb letter to Beesley. On May 23, 2006, Trustee's counsel again wrote Debtor's counsel, demanding the car

---

[1] Debtor attempted to exempt a 1994 Cadillac that he valued at $7,000 and a 2001 GMC Sierra he valued at $15,000, which both individually fall within the $15,000 cap for a vehicle exemption pursuant to NRS 21.090(1)(f).

[2] Debtor liquidated the annuity after petitioning for bankruptcy. *See* Ex. 6 at 2, Trustee's Supplemental Response.

2

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

be surrendered. Ex. 12, Chubb letter to Beesley. Debtor's counsel emailed Trustee's counsel two days later, asking that the vehicle surrender be delayed until after a settlement conference set for June 30, 2006. Ex. 13, Beesley email to Chubb. However, the settlement conference has been postponed indefinitely because of Debtor's health and schedule conflicts with creditor tort plaintiffs. Exs. 14-15, Piscevich letter to Chubb and Fairman letter Chubb, respectively. *See Rosequist v. Carson* (*In re Carson*), Case No. 05-05098-gwz (Bankr. D. Nev. filed Sept. 16, 2005).

Debtor still refuses to surrender a vehicle and the cash equivalency of the annuity. Chubb Decl.

### III. ARGUMENT

Section 521 of the Bankruptcy Code defines a debtor's duties, including requirements to cooperate with the trustee and to "surrender to the trustee all property of the estate." 11 U.S.C. § 521(a)(3)-(4).[3] These "duties are obligations that must be taken seriously and complied with conscientiously by debtors who desire the full benefits of bankruptcy relief." *In re Mahan*, 104 B.R. 300, 301 (Bankr. E.D. Cal. 1989). Moreover, Section 521(a)(4)'s duty to surrender property is an "unambiguous Code requirement" that puts the debtor "under an absolute obligation to delivery all property of the estate to the Trustee." *In re Miller*, Case No. 99-00467, 1999 WL 33486718, *1 (Bankr. D. Idaho July 23, 1999).

The Ninth Circuit addressed a situation similar to the instant case when a debtor refuses to surrender assets that were held to be non-exempt. *Rains v. Flinn* (*In re Rains*), 428 F.3d 893 (2005). The Court held that "the bankruptcy court's denial of the exemption . . . triggered a legal duty to surrender the retirement plan funds to the trustee. *See* 11 U.S.C. § 521(4) . . . Thus, the bankruptcy court acted within its jurisdiction when it ordered [debtor] to withdraw $250,000 in plan funds and remit that amount to the trustee." *Id.* at 906. "[Debtor] became legally obligated to deliver the funds to the trustee once the exemption was denied." *Id.* at 907.

---

[3] The debtor's duties were codified as 11 U.S.C. § 521(1)-(5) before being amended and recodified as §521(a)(1)-(7) as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

3

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Motion to Compel Surrender, 6.30.06.doc

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

On February 13, 2006, the Court held that Mr. Carson's second vehicle and the annuity were not exempt. Since then that time, Trustee's counsel has repeatedly requested that Debtor' surrender one of his two vehicles and the value of the annuity to the Trustee. Debtor's counsel has indicated at various times that he would direct Debtor to surrender a vehicle, but Debtor still has not surrendered a vehicle and the annuity equivalent. Debtor is in breach of 11 U.S.C. § 521(a)(3)-(4), and Trustee moves for an order to compel Debtor to surrender the $12,000 value of the annuity and one of his vehicles. *Rains*, 428 F.3d at 906-07. The Trustee requests that Debtor immediately deliver a cashier's check and a vehicle (with title) to the Trustee's office in Elko.

## IV.  CONCLUSION

Debtor is required to surrender non-exempt property to the Trustee pursuant to 11 U.S.C. § 521(a)(4). The Court previously denied Debtor's exemptions for his second vehicle and the annuity. Debtor has ignored the Trustee's repeated demands for more than four months and refused to surrender the property. Trustee moves for an order to show cause and to compel Debtor to surrender his second vehicle and the value of the annuity to the Trustee's office in Elko within ten days of entry of an order directing him to do so.

DATED this 30th day of June, 2006.

JONES VARGAS

By:   //s// Janet L. Chubb
JANET L. CHUBB
LOUIS M. BUBALA III

Attorneys for Marianne Eardley,
Chapter 7 Trustee

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Motion to Compel Surrender, 6.30.06.doc

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

# CERTIFICATE OF SERVICE

1. On June 30, 2006, I served the following document(s):

   **MOTION FOR ORDER SHORTENING TIME TO HEAR TRUSTEE'S MOTION TO COMPEL DEBTOR TO SURRENDER PROPERTY OF THE ESTATE**

2. I served the above-named document(s) by the following means to the persons as listed below:

   **:**  a.  **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

- **BRUCE THOMAS BEESLEY**
  btb@beesleyandpeck.com rhm@beesleyandpeck.com
- **MARIANNE EARDLEY**
  meardley@frontiernet.net nv18@ecfcbis.com
- **TERESA B MCKEE**
  brp@beesleyandpeck.com aha@beesleyandpeck.com
- **ROBERT M. SALYER**
  r.salyer@wilsonandbarrows.com s.wilson@wilsonandbarrows.com
- **CARYN S. TIJSSELING**
  cst@beesleymatteoni.com aha@beesleymatteoni.com

   ❾  b.  **United States mail, postage fully prepaid** (list persons and addresses):

   ❾  c.  **Personal Service** (list persons and addresses):
   I personally delivered the document(s) to the persons at these addresses:

   ❾  For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

   ❾  For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

   ❾  d.  **By direct email (as opposed to through the ECF System)** (list persons and email addresses):

   Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

   ❾  e.  **By fax transmission** (list persons and fax numbers):

   Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

    ☛ f.    **By messenger**:

    I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed blow and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service).

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 30th day of June, 2006.

| Tawney Waldo | //s// Tawney Waldo |
|---|---|
| Name | Signature |

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177