JANET L. CHUBB
State Bar No. 176
LOUIS M. BUBALA III
State Bar No. 8974
JONES VARGAS
100 West Liberty Street, 12th Floor
PO Box 281
Reno, Nevada 89504-0281
Telephone: (775) 786-5000
Fax: (775) 786-1177
Email: jlc@jonesvargas.com
 and    tbw@jonesvargas.com
 and    lbubala@jonesvargas.com

Attorneys for Marianne Eardley, Chapter 7 Trustee

*Electronically Filed on July 13, 2006*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re:

DONALD CARSON,

    Debtor.

CASE NO.  BK-N-05-51930-GWZ
Chapter 7

**TRUSTEE'S REPLY TO DEBTOR'S OPPOSITION TO MOTION TO COMPEL DEBTOR TO SURRENDER PROPERTY OF THE ESTATE**

Hearing Date:    July 17, 2006
Hearing Time:    4 p.m.

    Marianne Eardley, Chapter 7 Trustee (the "Trustee"), by and through her counsel, Janet L. Chubb, Esq., and Louis M. Bubala III, Esq., of Jones Vargas, file this Reply to Debtor's Opposition to Motion to Compel Debtor to Surrender Property of the Estate.  This reply is made pursuant to 11 U.S.C. § 521 and Fed. R. Bankr. P. 9014, and is based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and any other material this Court may wish to consider.

1

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Motion to Compel Surrender\Reply, Motion to Compel Surrender, 7.13.06.doc

## MEMORANDUM OF POINTS AND AUTHORITIES

On February 13, 2006, this Court denied Debtor's exemptions in a second vehicle as unauthorized by the Nevada Revised Statutes, and the cash value of an annuity because the annuity was created with the intent to defraud creditors. The Trustee has repeatedly asked Debtor over the past five months to surrender a vehicle and provide the cash equivalency of the annuity, but Debtor has refused. Thus, the Trustee brought this motion to compel Debtor to surrender the property pursuant to Debtor's duties to cooperate with the trustee and to "surrender to the trustee all property of the estate." 11 U.S.C. § 521(a)(3)-(4).

Debtor opposes the motion, asserting that the Court should use its equitable powers pursuant to 11 U.S.C. § 105(a) and delay the surrender of the property. Debtor seeks a delay because he has been diagnosed with lung cancer and will undergo treatment in Utah. Debtor also notes that his petition was precipitated by tort claims against him—allegations that he molested two girls—and that a settlement meeting on the underlying claims was postponed because of his health and scheduling conflicts. Debtor requests the Court allow him to retain his second vehicle and the cash value of his annuity until after his health improves, and a settlement conference occurs.

While the Trustee appreciates the gravity of Debtor's situation, Debtor is not excused from surrendering the estate property to the Trustee as required by 11 U.S.C. § 521(a)(3)-(4). Debtor provides no argument to explain why he needs to maintain possession of a second vehicle before, during, and after his treatment.[1] Debtor also does not explain why he needs to retain the annuity's $12,000 cash value. Indeed, to the extent Debtor needs the funds, they will be exhausted by his post-petition expenses. Additionally, it is unclear when a settlement conference will take place, if at all, and there is no guarantee that a settlement will result. Finally, Debtor has refused for five months to surrender a vehicle and the annuity's cash equivalency. Debtor could have sought leave of the Court to temporarily maintain possession of the estate property. Instead, Debtor simply refused the Trustee's requests to surrender the estate property, forcing the Trustee to bring this

---

[1] The Trustee also notes that the record does not contain any evidence such a declaration concerning Debtor's health.

2

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Motion to Compel Surrender\Reply, Motion to Compel Surrender, 7.13.06.doc

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

1 motion. The Trustee has expended a large amount of time, energy, and money pursuing this property, and Debtor should not be rewarded for his obstructive behavior.

The Trustee also submits that Section 105(a) does not provide a basis for Debtor to continue to hold estate property. Courts routinely recognize that Section 105(a) does not allow them to ignore or alter statutory requirements. *E.g., GAF Corp. v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 26 B.R. 405, 409-10 (Bankr. S.D.N.Y. 1983) ("Section 105 is not without limits. It does not permit the court to ignore, supersede, suspend or even misconstrue the statute."). Indeed, the Ninth Circuit has held that a Bankruptcy Court "may exercise its equitable power only as a means to fulfill some specific Code provision." *Saxman v. Educational Credit Mgmt. Corp.* (*In re Saxman*), 325 F.3d 1168, 1174 (9th Cir. 2003) (quotation & citation omitted); *see also, e.g., Pacific Shores Dev., LLC v. At Home Corp.* (*In re At Home Corp.*), 392 F.3d 1064, 1070 (9th Cir. 2004), *citing Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988).

Section 521 is unambiguous in stating a "debtor <u>shall</u> . . . <u>cooperate</u> with the trustee . . . [and] <u>surrender</u> to the trustee all property of the estate." 11 U.S.C. § 521(a)(3)-(4) (emphasis added). As noted in the Trustee's motion, a debtor's duty to surrender property is an "unambiguous Code requirement" that puts the debtor "under an absolute obligation to delivery all property of the estate to the Trustee." *In re Miller*, Case No. 99-00467, 1999 WL 33486718, *1 (Bankr. D. Idaho July 23, 1999). A debtor's "duties are obligations that must be taken seriously and complied with conscientiously by debtors who desire the full benefits of bankruptcy relief." *In re Mahan*, 104 B.R. 300, 301 (Bankr. E.D. Cal. 1989).

In the present case, Section 521's clear language requires Debtor to surrender his second vehicle and the annuity's cash value. The statute lacks any ambiguity that might otherwise permit the Court to exercise its equitable powers and delay Debtor's surrender of the estate property pursuant to Section 105(a). *E.g., GAF Corp.*, 26 B.R. at 409-10. Moreover, Debtor fails to cite any other code provision that might authorize equitable relief. *E.g., Saxman*, 325 F.3d at 1174. The Court should not exercise its equitable powers and delay Debtor's surrender of estate property. Instead, the Trustee requests the Court grant its motion and order Debtor to deliver one of his two

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

3

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Motion to Compel Surrender\Reply, Motion to Compel Surrender, 7.13.06.doc

1 vehicles and a $12,000 cashier's check or money order to the Trustee's office in Elko, Nevada,
2 within ten days of entry of an order directing him to do so.
3        DATED this 13th day of July, 2006.
4                                             JONES VARGAS

By:    //s// Louis M. Bubala_____
       JANET L. CHUBB
       LOUIS M. BUBALA III

Attorneys for Marianne Eardley,
Chapter 7 Trustee

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Motion to Compel Surrender\Reply, Motion to Compel Surrender, 7.13.06.doc

# CERTIFICATE OF SERVICE

1. On July 13, 2006, I served the following document(s):

   **TRUSTEE'S REPLY TO DEBTOR'S OPPOSITION
   TO MOTION TO COMPEL DEBTOR TO
   SURRENDER PROPERTY OF THE ESTATE**

2. I served the above-named document(s) by the following means to the persons as listed below:

   : a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

   - **BRUCE THOMAS BEESLEY**
     btb@beesleyandpeck.com rhm@beesleyandpeck.com
   - **MARIANNE EARDLEY**
     meardley@frontiernet.net nv18@ecfcbis.com
   - **TERESA B MCKEE**
     brp@beesleyandpeck.com aha@beesleyandpeck.com
   - **ROBERT M. SALYER**
     r.salyer@wilsonandbarrows.com s.wilson@wilsonandbarrows.com
   - **CARYN S. TIJSSELING**
     cst@beesleymatteoni.com aha@beesleymatteoni.com

   9 b. **United States mail, postage fully prepaid** (list persons and addresses):

   9 c. **Personal Service** (list persons and addresses):
   I personally delivered the document(s) to the persons at these addresses:

   9    For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

   9    For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

   9 d. **By direct email (as opposed to through the ECF System)** (list persons and email addresses):

   Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

   9 e. **By fax transmission** (list persons and fax numbers):

   Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

5

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Motion to Compel Surrender\Reply, Motion to Compel Surrender, 7.13.06.doc

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax:  (775) 786-1177

1  9  f.  **By messenger**:

2      I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed blow and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service).

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 13th day of July, 2006.

| C. Grinstead | //s// C. Grinstead |
|---|---|
| Name | Signature |

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

6

H:\Fs1Wp51\Eardley, Marianne 500763.1\Pleadings\Motion to Compel Surrender\Reply, Motion to Compel Surrender, 7.13.06.doc